AMERICAN SURETY CO. v. WORCESTER CYCLE MFG. CO. et al.

(Circuit Court, D. Connecticut. March 17, 1902.)

MORTGAGE—CONTEST BETWEEN RECEIVER AND ATTACHING CREDITORS—APPORTIONMENT OF EXPENSES.

Where attached property was claimed by a receiver appointed in a suit to foreclose a mortgage, and a sale under the attachments thereby prevented, on its subsequent sale under a stipulation that one-half the gross proceeds should be held subject to the rights of the attaching creditors, and its being adjudged to them, the term "gross proceeds" may properly be construed to mean the proceeds after deducting the necessary expenses of sale; but such creditors should not be charged with any part of taxes, insurance, and other expenses which would no have been incurred but for the claim of the receiver.

In Equity. On motion to approve special master's account.
See 100 Fed. 40.

Watrous & Day, for complainant.
Seymour C. Loomis, for trustee.
Breed & Abbott, for defendant.
Butler, Notman, Joline & Mynderse, for Central Trust Co. of New York.
C. Walter Artz, for F. S. Smith, Receiver Worcester Cycle Mfg. Co.

TOWNSEND, District Judge. The property in the possession of the receivers was sold by a special master under an order of court. As to a part of the property sold, known as "First Parcel," it was impossible to tell how much of it was acquired by the company before, and how much after, the execution of the mortgage. This property was included in the order of sale, and it was, therefore, stipulated between the surety company and the trustee in insolvency that the trustee should have one-half of the gross proceeds. At the time of the sale, counsel for the attaching creditors threatened to prevent the sale unless their rights were protected, and thereupon a stipulation was made that the net proceeds of the sale of that portion of said first parcel claimed by the trustee, being one-half of such net proceeds, should remain subject to the lien of the attachments of any of the attaching creditors, and that if the surety company should purchase said first parcel it should not be required to pay into court more than one-half the purchase price. The American Surety Company claims that the proceeds of said one-half of the first parcel, viz., $3,000, should

be charged with a proportionate share, viz., $^3/_{87}$, agreed to amount to $433.76, of certain costs and expenses, of which $2,170 were expenses of sale, including the services of the special master, and the remainder consisted of counsel fees, taxes, and insurance.

This property would have been sold shortly after the attachment had it not been claimed by the receiver, and the interest of the attaching creditors and trustee should be preserved as nearly as may be to the same extent as if it had not been so claimed by the receiver. It is just that this property should pay its share of the $2,170 expenses of sale, $74.83, as this amount is probably no greater than the expense of sale by a sheriff would have been. It is not just that it should pay its share of taxes and insurance and other expense which would not have been incurred but for the claim of the receiver.

By holding "gross proceeds," in the first stipulation to mean gross proceeds of the sale after deducting necessary expenses of sale, but not deducting other charges, and by holding "net proceeds" in the second stipulation to mean the net amount which would be coming to the trustee or attaching creditors, except for the claim set up by the receiver, justice will be done, the real intent of the parties effectuated, and both stipulations construed in accordance with each other and in accordance with what is most probably the meaning of the parties.

Let the $3,000 be charged with its $^3/_{87}$ of the $2,170, and not with any part of the remaining $8,888.55.